| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss | CIVIL ACTION<br>DOCKET NO. CV-18-542 |

**GLENN TUCKER,**

    Plaintiff

v.

**TOWN OF SCARBOROUGH,**

    Defendant

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, Glenn Tucker, by and through counsel, Sarah A. Churchill, Esq., and complains against Defendant as follows:

### PARTIES

1. Plaintiff, Glenn Tucker, is a resident of the town of Scarborough, Maine.

2. Defendant, Town of Scarborough, is a municipality in the State of Maine and located in Cumberland County.

### JURISDICTION

3. This action arises, in part, under 5 M.R.S.A. §4572 et seq.

4. This Honorable Court wields jurisdiction over each Defendant named herein pursuant to 14 M.R.S.A. § 704-A in that each Defendant is domiciled in the State of Maine.

5. The events listed below occurred in Cumberland County Maine.

REC'D CUMB CLERKS O
NOV 29 '18 AM 11:59

## Statement of Facts

6. Plaintiff is a police officer with the Scarborough Police Department.

7. Plaintiff was hired as a police officer in 1999.

8. Plaintiff has always received positive performance reviews while working at the Scarborough Police Department.

9. Plaintiff has a number of serious medical conditions that have been diagnosed over the years he has been employed by Defendant.

10. These medical conditions are known to Defendant.

11. In November of 2016 Plaintiff was diagnosed with a serious medical condition involving his liver.

12. This diagnosis required Plaintiff to schedule an immediate follow up appointment for medical treatment.

13. Plaintiff went to Defendant on the date he was diagnosed to request time off to attend this medical appointment.

14. Plaintiff was given false information about the amount of sick time he had available for this appointment.

15. Namely, Plaintiff was told by a Sergeant that he had no sick time available.

16. Plaintiff then disclosed additional private details about his medical condition in an attempt to get approval which was still denied by the Sergeant.

17. Plaintiff was told that if he went to the medical appointment without approval there would be consequences for his actions.

18. Plaintiff went to Human Resources top lodge a complaint about the situation described in paragraphs 13 through 17.

19. Plaintiff was told by the Human resources Department that he had sick leave that could be used to cover this medical appointment.

20. The Sergeant who denied Plaintiff's request to use his sick time then required Plaintiff to immediately file for Federal Medical Leave Act (hereinafter FMLA) time to cover medical appointments.

21. No one else at the Scarborough Police Department was required to use FMLA leave in this manner.

22. Defendant's own policies required five consecutive sick days to occur before the filing for FMLA leave.

23. At this same time there was at least one other police officer working for Defendant who was out for an extended period of time, including a hospital stay, that was not required to file for or use FMLA time.

24. Plaintiff was granted FMLA leave to use on an intermittent basis at this time.

25. Plaintiff was concerned about being forced to use FMLA leave as he had been harassed by Defendant for using FMAL leave in the past.

26. In January of 2017 Plaintiff was diagnosed with a serious heart condition, artery blockages, that required immediate surgery.

27. This heart condition was made known to Defendant.

28. Ongoing harassment from Defendant regarding Plaintiff's medical issues and the work as a police officer resulted in Plaintiff being diagnosed with a psychiatric condition.

29. One example of the harassment regarding medical issues occurred in April of 2017.

30. In April of 2017 Plaintiff requested to use one day of FMLA leave to cover a medical appointment for one of the above referenced conditions.

31. Plaintiff gave four days' notice for this request which was the same date Plaintiff learned of the appointment.

32. Plaintiff was berated by a supervising officer for making the request and told that his next request would be denied if he did not provide more notice.

33. Plaintiff complained to Human resources about this matter.

34. Plaintiff was required to spend 1.5 hours of his time arguing with a supervisory officer and the Chief of the Scarborough Police Department about using FMLA leave which he is legally entitled to.

35. Human Resources intervention instructed Plaintiff's supervisors that they could not deny him use of his leave.

36. Plaintiff also learned that a Sergeant had been telling new officers to stay away from Plaintiff if they wanted to advance their careers.

37. Plaintiff was denied training opportunities by Defendant who cited the fact that Plaintiff had been out on sick leave as the reason for the denial.

38. Defendant subjected Plaintiff to yearly employment reviews.

39. The employment reviews are used to determine lateral moves and promotions within the Scarborough Police Department.

40. The yearly evaluations include a deduction in points for the use of sick time which creates a disadvantage for someone like Plaintiff who has serious medical conditions.

41. In July of 2017 Plaintiff was in a serious automobile accident while on duty as a police officer.

42. Plaintiff was rear ended by a drunk driver and suffered a number of injuries including a concussion.

43. This accident occurred approximately one week after Plaintiff returned to work after his heart surgery.

44. As a result of the motor vehicle crash Plaintiff opened a Workers' Compensation Claim which is still pending.

45. Plaintiff was forced to use FMLA leave to cover time he was out due to the injuries from the automobile accident which were covered by the Workers' Compensation case.

46. Plaintiff also found out that Defendant has used FMLA leave to cover his heart surgery time off which was not something he requested or submitted documentation for.

47. Additionally, Defendant calculated the amount of FMLA time in correctly and intimated to Plaintiff that his employment status would be reevaluated when his FMLA leave ran out which Plaintiff took as a threat that he would be terminated.

48. In the fall of 2017 Plaintiff was cleared by a medical professional to return to work from the injuries related to the automobile accident on a light duty basis.

49. Plaintiff disputed this clearance and maintained that his injuries still required active treatment and had been incorrectly diagnosed by the medical professional who cleared him.

50. Additionally, this medical profession required Plaintiff to get a letter of clearance from his psychiatrist before returning.

51. Plaintiff did not complain of a psychological injury to the doctor who was making this request.

52. Defendant claimed t had no light duty work and contacted the medical professional who recommended light duty directly.

53. This medical professional then changed her recommendation and indicated Plaintiff was fit for full duty.

54. Plaintiff also determined that this medical professional had provided psychiatric history to Defendant not related to the work related injury.

55. Once Defendant had this information from the medical profession they began to treat Plaintiff even worse.

56. Specifically, a Sergeant within the Scarborough Police Department told other police officers that Plaintiff had a mental health diagnosis, were displaying signs of paranoia and should be monitored closely by the other officers.

57. This represented an intentional disclosure of confidential medical information that was almost entirely untrue and represents an effort to undermine the confidence of the rank and file officers in Plaintiff.

58. Plaintiff never experienced paranoia.

59. Plaintiff's mental condition did not affect his ability to do his job in a highly effective manner with complete regard for the safety of his fellow officers and the public.

60. Plaintiff filed a complaint about this matter with the Maine Human Rights Commission and the Equal Opportunity Employment Commission.

## Count 1

### State Family Medical Leave Act, 26 M.R.S.A. §843, et seq.

61.  Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

62.  Defendant is an employer subject to the Family Medical Leave Act and Plaintiff was at all times an eligible employee.

63.  Plaintiff was granted medical leave by Defendant due to his serious health condition.

64.  By harassing Plaintiff during his medical leave, requiring him to use his leave, and applying his leave time incorrectly Defendant violated the Maine Family Medical Leave Act.

65.  In addition, Defendant used the fact that Plaintiff availed himself of legally protected leave to give him lower scores of yearly evaluations.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

    a.    Declare Defendant's actions unlawful;

    b.    Award Plaintiff damages;

    c.    Award Plaintiff reasonable attorney's fees, costs, and interest;

    d.    Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

    e.    Award all allowable penalties, nominal and statutory damages; and

    f.    Such further relief as the Court deems proper and just.

## Count 2

### Federal Family Medical Leave Act, 29 U.S.C §2611, et seq.

66. Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

67. At all times material to this complaint Plaintiff was and "eligible employee" as defined by 29 U.S.C. §2611(2)(A), and Defendant was an "employer" under the Federal Family Medical Leave Act.

68. Plaintiff was forced to apply for and was granted medical leave due to his serious health condition.

69. By committing the acts described above, including applying Plaintiff's leave time, arguing with him about his ability to use his FMLA time, Defendant unlawfully interfered with Plaintiff's rights in violation of 29 U.S.C. §2615, et al.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

    a.    Declare Defendant's actions unlawful;

    b.    Award Plaintiff damages;

    c.    Award Plaintiff reasonable attorney's fees, costs, and interest;

    d.    Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

    e.    Award all allowable penalties, nominal and statutory damages; and

    f.    Such further relief as the Court deems proper and just.

## Count 3

### Maine Human Rights Act: Disability Discrimination

70. Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

71. Plaintiff was a member of a protected class in that he had a disability.

72. Plaintiff suffered from serious medical conditions including but not limited to a heart conditions, a liver disorder, concussion and a mental health disorder.

73. Defendant was on notice about Plaintiff's disability.

74. Plaintiff was able to perform the essential functions of his position.

75. Plaintiff made clear to Defendant that he required reasonable accommodations in his job for his disability.

76. Defendant refused to give Plaintiff a reasonable accommodation.

77. Defendant created a hostile work environment for Plaintiff relating to his disability by giving Plaintiff a hard time about taking legally protected time off for medical treatment, forcing him back to work before he was medical cleared, and treating him in a negative and disrespectful manner.

78. Plaintiff's disability was the motivating factor behind his negative treatment.

79. As a result of the discriminatory treatment, Plaintiff suffered damages.

80. Defendant acted with malice and reckless indifference to Plaintiff's protected civil rights. Defendant was motivated by discriminatory intent.

81. Defendant discriminated against plaintiff in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4572.

82. Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a. Declare Defendant's actions unlawful;

b. Award Plaintiff damages;

c. Award Plaintiff reasonable attorney's fees, costs, and interest;

d. Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e. Award all allowable penalties, nominal and statutory damages; and

f. Such further relief as the Court deems proper and just.

## Count 4

### Disability Discrimination - 42 U.S.C. §12112

83. Plaintiff herein repeats, realleges and incorporates each and every allegation and averment contained in foregoing paragraphs as if fully set forth herein.

84. The Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of a disability in regard to hiring, advancement, termination and the general conditions and privileges of employment.

85. Plaintiff is a person with a disability within the meaning of ADA due to serious medical conditions including but not limited to a heart conditions, a liver disorder,

concussion and a mental health disorder, which affected one or more of her major life activities

86. Defendant is an employer subjected to the ADA.

87. Defendant was on notice about Plaintiff's disability.

88. Defendant did not accommodate Plaintiff's disability.

89. Defendant created a hostile work environment f for Plaintiff relating to his disability by giving Plaintiff a hard time about taking legally protected time off for medical treatment, forcing him back to work before he was medical cleared, and treating him in a negative and disrespectful manner.

90. Defendant treated Plaintiff differently in the termination from and terms and conditions of his employment on the basis of his disability.

91. As a result of Defendant's violation of the ADA, Plaintiff suffered injury and damages and is entitled to relief.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a. Declare Defendant's actions unlawful;

b. Award Plaintiff damages;

c. Award Plaintiff reasonable attorney's fees, costs, and interest;

d. Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e. Award all allowable penalties, nominal and statutory damages; and

f. Such further relief as the Court deems proper and just.

## JURY REQUEST

Plaintiff hereby requests a jury trial.

Dated at Portland, Maine this 28th day of November, 2018.

> By: **Nichols & Churchill, PA**
>
> _/s/ Sarah A. Churchill_
> Sarah A. Churchill, Esq.
> Maine Bar No. 9320
> Attorney for Plaintiff
>
> NICHOLS & CHURCHILL, PA
> 1250 Forest Avenue
> Suite 10
> Portland, ME 04103
> (207)879-4000
> schurchill@nicholschurchill.com